**King Truman ARNOLD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–696.**

Court of Criminal Appeals of Oklahoma.

March 31, 1976.

William A. Hadwiger, Alva, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, King Truman Arnold, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Woods County, Case No. CRF–74–30, for the offense of Burglary in the Second Degree, in violation of 21 O.S.1971, § 1435. His punishment was fixed at a term of seven (7) years' imprisonment with the last five (5) of said years suspended. From said judgment and sentence defendant has perfected a timely appeal to this Court.

The State's first witness, Jim Hannaford, testified that he was assistant manager of Shafers Radio and TV, Inc., located at 415 Barnes in Alva, Oklahoma, and that on the 29th of June, 1974, he closed that establishment at approximately 5:30 or 6:00 p. m. Early the next morning he received a call and met police officers at the establishment and learned that the store had been burglarized with a large amount of the inventory missing. The missing inventory consisted of televisions, stereos and electronic equipment. He identified State's Exhibit No. 1 as a list of all the Zenith and Magnavox televisions described by serial numbers and model numbers which were missing from the inventory and that the value of said television sets was approximately $5,223.80. He said that the Sheriff had returned these items to him and after being shown State's Exhibit No. 2 he identified it as a photograph of a Ryder Rental Truck containing the above mentioned merchandise which he had previously viewed. He stated that no one was given permission to enter the premises and that the premises were secured at the time he closed the establishment on the 29th of June.

The State's next witness was Gene Stands who testified he worked for the Daily Oklahoman and that while performing his duties on the morning of the 30th of June, 1974, he had occasion to observe the aforementioned truck parked behind the Coker Motor Company which is in the vicinity of Shafers Radio and TV, Inc. He said that he observed an individual carrying a box on his shoulder and walking toward the truck, and that after observing this he reported his observations to the Police Department.

Manie Brewer testified he was employed with the Alva Police Department and that on the 30th of June, 1974, he was on duty during the early morning hours. At approximately 2:56 a. m. he responded to a call to Shafers Radio and TV, Inc. to investigate a possible burglary. He said that upon arriving at the store he found the truck had been moved and in response to another call he learned that the truck had been observed in a different location of the city. He testified he searched for the

truck and found it later approximately three miles north of Alva on Highway 281. He said that the truck had apparently been abandoned and that he and Officer Bolar searched the area.

Arlo Darr testified that on the 30th of June, 1974, he was employed as Woods County Sheriff and at approximately 3:00 a. m. that morning he responded to a call concerning the aforementioned burglary. Upon arriving at the scene where the truck was found, he observed the truck to contain several boxes of television sets, which he and Roy Logsdon initialled for identification purposes. He identified State's Exhibit No. 1 as a list of television sets found within the truck and he identified his initials on said list.

Roy Logsdon testified that he was employed as the Assistant Chief of Police in Alva, Oklahoma, and that on the 30th of June, 1974, he investigated the alleged burglary of Shafers Radio and TV. He stated that pursuant to an investigation three men were arrested, one of whom was the defendant. He said that he advised the defendant of his Miranda rights from the Miranda card he carried at the time of the arrest.

Don Bolar testified that on the 30th of June, 1974, he was Undersheriff of Woods County and that he investigated the burglary of Shafers Radio and TV store. He also testified concerning the truck which was found on Highway 281, and the articles contained therein. He identified State's Exhibit No. 2 as an accurate photograph of the truck's contents at the time it was found and that pursuant to an investigation three men were arrested, one of whom was the defendant. He testified that while in custody the defendant asked him if he could talk to the District Attorney. The witness said that the defendant was thereafter brought into an office and after having been advised of his rights, and in the presence of himself, Chief Cole, Sheriff Darr and Assistant District Attorney Wise, the defendant confessed in detail to the crime.

Kenneth Cole testified that on the 30th of June, 1974, he was employed as the Chief of Police in Alva, Oklahoma, and he testified essentially as the other witnesses regarding the details of the investigation of the burglary of Shafers Radio and TV, and the Ryder truck which was found. He further testified that he was able to determine that the Ryder truck had been rented in Oklahoma City from Gary's Apco at N. W. 36th Street and MacArthur. He testified that an employee of the service station, Mr. Porter, identified the defendant from photographs as the individual who had signed for the truck and deposited $50.00. He also testified regarding the details of the defendant's confession, as did the previous witness.

The State then rested.

The defense called Gerald J. Porter who testified he was the service station attendant at Gary's Apco from which the Ryder truck in question had been rented, and he testified he could not identify the defendant in court as the individual who had rented the truck. He further testified that he did talk with Officer Cole and had identified a photograph of the defendant, which resembled the individual who had rented the truck.

The defense then rested.

The defendant's sole assignment of error asserts that the trial court erred in admitting the defendant's confession for the reason that he was inadequately advised of his constitutional rights as mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant maintains that prior to his oral confession he signed a particular statement, the contents of which are reflected in the record, which in part stated:

> "[W]e have no way of giving you a lawyer but one will be appointed for you if you wish one if and when you go to court . . . ." (Tr. 67)

The defendant urges this language is patently insufficient and is an incomplete statement of the warnings mandated by *Miranda v. Arizona,* supra.

We first observe the constitutional sufficiency of a rights waiver containing the above quoted warning was before this Court recently in *Rowbotham v. State,* Okl.Cr., 542 P.2d 610 (1975). This Court found that the rights waiver signed by defendant Rowbatham comported with all of the directives of *Miranda v. Arizona,* supra, and thus the Court found that defendant Rowbotham had been sufficiently advised of his constitutional rights and thus Rowbotham's confession was admissible as evidence. The contents of the statement of rights in the instant case are identical to those in *Rowbotham.* However, we do observe our decision in *Rowbotham* was subsequent to the trial of the instant case. We need not decide the applicability of the holding in *Rowbotham v. State,* supra, to the instant case as we find defendant Arnold was adequately apprised of his constitutional rights as mandated by *Miranda v. Arizona,* supra.

At trial the testimony of Logsdon, Bolar and Cole conclusively establishes that the defendant, prior to his confession, was orally advised of all of the constitutional rights mandated by *Miranda v. Arizona,* supra. Officer Logsdon, the arresting officer, testified that upon arresting the defendant he advised the defendant of his constitutional rights as reflected upon the Miranda card he carried, which was admitted into evidence. Officer Bolar testified that the defendant, while in custody, requested that he be allowed to talk to Assistant District Attorney Wise for the purpose of trying to make arrangements if he told what had happened. Officer Bolar further testified that upon bringing the defendant into an office in the presence of Cole, Darr and Assistant District Attorney Wise, he observed Assistant District Attorney Wise advise the defendant of his Miranda rights specifically:

"[T]hat you have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to talk to an attorney. You have the right to have an attorney present while you are being questioned. If you cannot afford to hire an attorney one will be appointed for you before questioning. If you decide to make any statement you understand you have the right to stop answering at any time, . . . ." (Tr. 70)

Officer Bolar further testified that at that time defendant said he understood exactly what his rights were and that he did not want an attorney at that time. The trial court correctly concluded from the facts that the defendant, prior to his confession, was adequately apprised of his Miranda warnings and voluntarily confessed to the crime. Thus, the trial court properly admitted the confession of defendant. Also see, *State v. Lanning,* 5 Wash.App. 426, 487 P.2d 785 (1971). For this reason, the trial court's ruling will not be disturbed.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

BRETT, P. J., and BUSSEY, J., concurs.